IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv156 |
| BOBBY LUMPKIN | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations and Procedural History**

Plaintiff originally filed suit in the United States District Court for the Southern District of Texas. That court determined that the complaint was deficient and ordered Plaintiff to file an amended complaint. (Dkt. #3.) Before the amended complaint was due, the Southern District determined that proper venue for Plaintiff's claims lay here and transferred the case to this Court. (Dkt. #5.) Upon receipt of the case, this Court agreed with the transferring court's assessment of Plaintiff's rambling and incoherent original complaint and entered an order directing him to cure several deficiencies by filing an amended complaint. (Dkt. #8.) Specifically, the Court instructed Plaintiff to "explain in detail . . . how and when his constitutional rights were allegedly violated, identify the defendants responsible for those violations, specify how each defendant personally violated his constitutional rights, and explain how he was harmed or injured by those violations."

(*Id.* at 3.) The Court also advised Plaintiff that "the common law doctrine of 'prior suit pending . . . does not tolerate 'two suits at the same time for the same cause,'" and that he should not repeat claims from any previously pending suits in this case. (*Id.*)

Plaintiff's amended complaint names a single Defendant: "MED DIR (ANN) RII." (Dkt. #10 at 1, 3.) It asserts three claims in such cursory fashion that they can be repeated here in full:

> Unable to swallow need partial thyroidectomy cannot eat due to t[h]yroid cancer via untreated hypothyroidism
>
> Life in danger request IFP
>
> Partial vision in 1 eye and losing all vision. Unit MD is refusing to provide emergency expedited referral
>
> Records show 7 day referral 4-1-21
>
> Micr[o]chips implanted are bleeding daily & need removal. Left hand & ear bleeding daily. Life in danger.

(*Id.* at 4–5.) The only relief sought in the amended complaint is an "emergency op[h]th[al]mology referral."

## II. Legal Standards and Preliminary Screening

Plaintiff paid the filing fee for this lawsuit. Nevertheless, because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which

2

a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual

allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* Particularly with regard to any claim that defendants have conspired to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

**III. Discussion and Analysis**

As the Court pointed out in its order for Plaintiff to amend his complaint, his claim concerning failure to address his vision problems is already pending in another case. Order of Severance at 1, *Emmett v. TDCJ Corp.*, No. 6:21-cv-00243 (E.D. Tex. Apr. 22, 2022) (summarizing claims). Accordingly, Plaintiff is barred from duplicative litigation of that claim in this case. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("A district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff."); *see also In re McMahan*, 481 B.R. 901, 913 (Bankr.

S.D. Tex. 2012) (explaining common law doctrine of "prior suit pending"). Plaintiff's repetition of that claim in this amended complaint, despite that observation in the Court's order, renders the claim "frivolous or malicious" for purposes of screening under the PLRA. *Pittman*, 980 F.2d at 994–95; *Cummings v. Mason*, No. 1:11-CV-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011) (holding claim "that merely repeats pending or previously litigated claims may be dismissed . . . as frivolous or malicious).

Plaintiff's claim about implanted microchips in his body that are bleeding daily is clearly delusional and thus subject to dismissal as factually frivolous. *Gary v. U.S. Gov't*, 540 F. App'x 916, 916-918 (11th Cir. 2013) (affirming dismissal of complaint as frivolous where plaintiff alleged that government officials implanted microchips in her body that caused her injury and pain); *Spence v. U.S. C.I.A.*, 2007 WL 4963165, at *1 (E.D.N.C. Apr. 25, 2007) (holding that the plaintiff's claim that CIA implanted microchips in his body was frivolous, finding the claims to be delusional and wholly irrational); *see also United States v. Gutierrez*, No. A-09-CR-453-SS, 2011 WL 386784, at *3 (W.D. Tex. Feb. 3, 2011), *vacated on other grounds*, 443 F. App'x 898 (5th Cir. 2011) (discussing "complexity of [party's] delusional system," including belief that "there are microchips in his body").

And finally, Plaintiff's claim about untreated thyroid cancer, although within the realm of plausible in the abstract, shares another fatal flaw with both the claims already addressed: a lack of any factual support or identification of a responsible defendant. Despite the Court's instruction to explain in detail how and when his rights were violated and to specify how any defendant personally violated his rights, Plaintiff vaguely blames his alleged cancer on "untreated hypothyroidism" without saying what treatment he needed, when he needed it, or who failed to

provide it. This imprecise, conclusory allegation would not give notice to any party of the basis for Plaintiff's claims against them.

Plaintiff sues an unnamed medical director, presumably because he believes a medical director is responsible as a supervisor for all his medical care. But lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable under Section 1983 only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). Plaintiff does not allege any facts that would support liability under any of these theories in this case.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint is frivolous and fails to state a claim for which relief can be granted. Dismissal is appropriate where Plaintiff has already been given a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b). This dismissal should be without prejudice to Plaintiff's ability to litigate his vision-related claims in his already-pending suit and to bring any factually-supported claim about his thyroid condition against the party or parties responsible for the alleged failure to treat it. Dismissal of Plaintiff's clearly delusional claim about implanted microchips should be with prejudice.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 29th day of September, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE