IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, #1383329, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-156-JDK-JDL |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On September 29, 2022, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 19115A(b)(1) because Plaintiff's amended complaint is frivolous and fails to state a claim upon which relief can be granted. Docket No. 44. Plaintiff has filed three repetitive written objections. Docket Nos. 46, 48, 49.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30. 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Magistrate Judge found that Plaintiff's claim about alleged indifference to his vision problems, which was already pending in another suit, is duplicative and therefore frivolous. Docket No. 44 at 4–5. He also found that Plaintiff's claim about bleeding microchips implanted throughout his body is clearly delusional and thus factually frivolous. *Id.* at 5. Finally, the Magistrate Judge found that even assuming the factual plausibility of Plaintiff's claim about untreated thyroid cancer, Plaintiff

had failed to identify a responsible defendant or support his claim with material factual allegations, including what treatment he needed and who failed to provide it. *Id.* at 5–6. Plaintiffs' objections address only the last finding.

In each of his three filed objections, Plaintiff complains about a reduction in the dosage of his thyroid medication, levothyroxine, from .075 to .025. Docket No. 46 at 1; Docket No. 48 at 2; Docket No. 49 at 2. He argues that his treating physician is presuming that Plaintiff's levels of thyroid stimulating hormone (TSH) are normal when they are actually low, and he explains that he suffers from a specific condition where TSH levels falsely appear to be "a purported normal." Docket No. 49 at 2. Plaintiff claims to be a "medical expert" and to have written a book on thyroid, and he asserts that he was illegally placed at a mental ward for no justifiable reason." *Id.* at 3. He asks the Court to order his thyroid medication dose back to .075. *Id.* at 2.

Plaintiff's third and final objection includes almost twenty pages of medical records concerning his thyroid. *Id.* at 5–24. Lab results included in the records indicate that Plaintiff's TSH level was within the normal range on June 1, 2022, but Plaintiff's own handwritten interpretation of those results is that his reported TSH level was low. *Id.* at 13, 19. The records also establish that Plaintiff has refused treatment or services on at least one occasion for various health conditions, including his thyroid condition. *Id.* at 5–6. Plaintiff's medical records never indicate that Plaintiff has thyroid cancer.

The Magistrate Judge's conclusion that Plaintiff fails to state a viable claim in connection with treatment for his thyroid condition is correct. Plaintiff is regularly

evaluated and treated for any thyroid condition he has, and his dissatisfaction with the type or dosage of his treatment does not rise to the level of deliberate indifference as required to violate the Eighth Amendment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). Even assuming Plaintiff is correct that the professionals treating him are mistaken about his condition and the proper dosage of medication needed to treat it, that would constitute negligence at worst. He thus fails to allege any facts amounting to a constitutional violation.

Moreover, having apparently abandoned his original claim that improper thyroid care had led him to develop thyroid cancer, Plaintiff does not identify any injury arising from the allegedly deficient medical treatment. That, too, is fatal to his claim. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]"); *see also Carrera v. Hunt*, 2008 WL 5973782, at *6 (N.D. Tex. Oct. 20, 2008) (dismissing deliberate indifference claim as frivolous where "Plaintiff's allegations fail to establish any more than de minimis physical injury as a result of the medical treatment provided").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

4

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 44) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **2nd** day of **November, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE